IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAPITOL RECORDS, INC., et al.,   )<br>)<br>Plaintiffs,   )<br>)<br>vs.   )<br>)<br>BRIAN MOYER,   )<br>)<br>Defendant.   ) | 4:07CV3065<br><br>SCHEDULING ORDER |

    This matter is before the magistrate judge for pretrial supervision. On June 5, 2007, the court granted plaintiffs' unopposed motion to extend the Rule 26(f) reporting deadline. By agreement of the parties, defendant was given until June 8, 2007 to file an answer to the Amended Complaint. The parties were given until June 29, 2007 to resolve this matter or to file their Report of Parties' Planning Conference.

    Apparently, the parties were unable to resolve the dispute, as plaintiffs' counsel electronically filed a Status Report [16] on July 11, 2007 that is captioned "Joint Discovery Plan."[1]  This document indicates that an attorney who is not counsel of record in this case conferred with defense counsel on June 30, 2007. Paragraph 2 of the resulting "Joint Discovery Plan" states that the defendant has not filed an answer to plaintiffs' Amended Complaint; however, the defendant did file his Answer and Affirmative Defenses on June 11, 2007.[2]  Paragraph 6 indicates that the discovery necessary to determine whether to file

---

    [1]Counsel are advised that this document should have been filed via CM/ECF as a "Report of Rule 26(f) Planning Meeting" under **Civil Events/Other Filings/Other Documents**.

    [2]It is apparent that this pleading relates to the Amended Complaint, and not the original Complaint, because it refers to numbered paragraphs. The original Complaint lacked paragraph numbers, making it necessary for the plaintiffs to file an Amended Complaint.

summary judgment motions "can be completed by February 15, 2007," although this case was not even filed until March 6, 2007. Finally, the "Joint Discovery Plan" indicates that Rule 26(a)(1) disclosures were to be completed by June 29, 2007, the day prior to the parties' planning conference. No party, however, has filed any certificate of service[3] indicating that Rule 26(a)(1) disclosures were served.

The "Joint Discovery Plan" filed by the plaintiffs is based on the incorrect presumption that the defendant did not serve a responsive pleading. For the reasons outlined above, the report, in its present form, is unacceptable.

**IT IS ORDERED** that counsel for the parties shall meet and confer as required by Fed. R. Civ. P. 26(f) and electronically file their "Report of Rule 26(f) Planning Meeting" no later than **July 25, 2007.** This is a final continuance. Failure to comply with this order may result in the imposition of sanctions.

**DATED July 12, 2007.**

> **BY THE COURT:**
>
> s/ F.A. Gossett
> **United States Magistrate Judge**

---

[3]NECivR 26.1 provides:
**Service of Disclosures.**
(a) **Certificate of Service.** When serving disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and (2), the disclosing party shall file with the court a certificate of service.
(b) **Service by E-Mail or Fax.** To the extent practicable and if all parties agree, service of Rule 26(a)(1) and (2) disclosures by electronic mail or facsimile transmission is permissible.